**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RICHARD HOUART,

      Petitioner,

-vs-                                    Case No.  8:14-cv-386-T-30TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.
_____/

## ORDER

This matter is before the Court, *sua sponte,* for review of the file.  Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus challenging convictions and a life sentence entered in 2010 by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1).  On February 20, 2014, Petitioner was ordered to pay the $5.00 filing fee within 30 days, i.e., on or before March 22, 2014 (see Dkt. 5).

Petitioner has failed to timely comply with the February 20, 2014 Order.  Petitioner was cautioned in that Order that "[f]ailure to tender the appropriate amount of payment or explain non-compliance within the allotted time will result in the **dismissal** of this action **without further notice**."  (see Dkt. 5 at p. 2) (emphasis in original).  The Order was mailed to Petitioner's address of record, and it has not been returned to the Clerk as undeliverable.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can, in its own discretion, dismiss an action based on the failure of a plaintiff to prosecute or comply

with any order of the court. *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (finding that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (finding that "[a]lthough [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'").

ACCORDINGLY, the Court ORDERS that:

1.      The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to timely comply with the Court's February 20, 2014 Order. The dismissal is without prejudice to Petitioner filing a new action under a new case number.

2.      The Clerk shall terminate all pending motions, and close this case.

DONE and ORDERED in Tampa, Florida on April 2, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner

2